UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
MATTHEW AQUINO

                Plaintiff,

      against

CITY OF NEW YORK DETECTIVE JEWEL
CUMMINGS (Shield No. 2517), POLICE OFFICER
RICARDO SALINAS (Shield No. 29581), and
DETECTIVE KIARA PORTER,

                Defendants.
---------------------------------------------x

Dkt No. 22-CV-3159

FIRST AMENDED COMPLAINT

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

2. Plaintiff Matthew Aquino brings this action on behalf of himself ("Plaintiff").

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff, a then 17 year old male, at all relevant times hereto is a resident of New York County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Detective Jewel Cummings, Shield No. 2517 ("Defendant Cummings"), at all times relevant herein, was a detective, employee and agent of the NYPD. Defendant Cummings is sued in her individual and official capacities.

10. Police Officer Ricardo Salinas, Shield No. 29581 ("Defendant Salinas"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Salinas is sued in his individual and official capacities.

11. Detective Kiara Porter ("Defendant Porter"), at all times relevant herein, was a detective, employee and agent of the NYPD. Defendant Porter is sued in her individual and official capacities.

12. At all times relevant herein, all individual defendants (collectively "Defendants") were acting under color of state law.

## STATEMENT OF FACTS

13. On or about September 16, 2021, upon information and belief, Defendant Porter created a Wanted Poster of Plaintiff, falsely accusing him of committing a burglary.

14. The Wanted Poster stated that on September 16, 2021, Plaintiff "did enter an apartment without permission or authority and removed items."

15. The Wanted Poster indicated that Defendant Porter was the investigator in charge of the case.

16. Upon information and belief, no civilian witness had claimed to have seen Plaintiff on September 16, 2021 "enter an apartment without permission or authority and removed items."

17. In fact, on September 16, 2021, Plaintiff did not enter an apartment without permission or authority and remove items.

18. On September 16, 2021, Plaintiff did not commit any crimes.

19. On September 17, 2021, at approximately 9:25 p.m., Plaintiff was standing in front of his building in New York, New York, committing no crime.

20. Despite no lawful basis to arrest Plaintiff, Defendant Salinas handcuffed Plaintiff and placed him under arrest for resisting arrest.

21. To lawfully arrest someone for resisting arrest, the arresting officer must be arresting that individual for a crime or violation separate and apart from the resisting arrest charge.

22. Upon information and belief, on September 17, 2021, Plaintiff was not charged with any other crimes or violations.

23. Defendants knew that Plaintiff had not resisted arrest

24. Plaintiff was aware of his confinement.

25. Plaintiff did not consent to his confinement.

26. Plaintiff's confinement was not otherwise privileged.

27.  Plaintiff was detained overnight without seeing a judge.

28. Upon information and belief, Defendants knew that it was illegal to arrest Plaintiff for resisting arrest without an underlying arrest charge.

29. Upon information and belief, rather than admit that Plaintiff had been falsely arrested and release him on the spot, Defendants attempted to cover up the false arrest by charging him with new charges.

30. Upon information and belief Defendants told the prosecutors that Plaintiff's resisting arrest charge was for resisting arrest to the burglary and related charges.

31. Upon information and belief, Defendant was not arrested for burglary and related charges until September 18, 2021, the information Defendants forwarded to the prosecutors for the resisting arrest charge was false.

32. On September 18, 2021, Defendant Cummings re-arrested Plaintiff as an adult and charged him with conspiracy, burglary and trespassing even though she lacked probable cause.

33. On September 18, 2021, Defendant Cummings signed a criminal court affidavit initiating the prosecution of the false charges against Plaintiff.

34. Upon information and belief, Defendants forwarded fabricated evidence including the Wanted Poster to the New York County District Attorney's Office.

35. Plaintiff was detained for another overnight, spending over 40 hours in custody before he finally appeared before a judge on September 19, 2021 and was released from custody and placed on a probation monitoring program with a curfew and other restrictions on his liberty.

36. On or about September 28, 2021, all of the charges in criminal court were dismissed with prejudice against Plaintiff.

37. On or about October 27, 2021, the Office of the Corporation Counsel also declined to prosecute the resisting arrest charge, the sole charge, from his September 17, 2021 arrest.

38. Plaintiff suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

39. Within ninety days following the occurrence of the incidence complained of in this Complaint, Plaintiff filed a written Notice of Claim with Defendant City of New York pursuant to General Municipal Law 50e.

40. Thirty days since the filing thereof have elapsed without adjustment or payment of Plaintiff's claim.

**FIRST CLAIM**
**(False Arrest Against the Individual Defendants)**

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The Individual Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

**SECOND CLAIM**
**(Malicious Prosecution Against the Individual Defendants)**

44. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

45. By their conduct, as described herein, and acting under color of state law, Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in Plaintiff's favor.

47. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## THIRD CAUSE OF ACTION
### (Denial of a Right to a Fair Trial Against the Individual Defendants)

48. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

49. The Individual Defendants withheld material exculpatory evidence from prosecutors, fabricated and altered evidence related to the acts and statements of Plaintiff as a perpetrator and forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

50. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the Individual Defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

51. All criminal charges against Plaintiff have been dropped or dismissed, thus resulting in a favorable disposition for Plaintiff.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### (State Law False Imprisonment and False Arrest Against All Defendants)

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By their conduct, as described herein, the individual defendants are liable to Plaintiff for falsely imprisoning and falsely arresting Plaintiff.

55. Plaintiff was conscious of his confinement.

56. Plaintiff did not consent to his confinement.

57. Plaintiff's confinement was not otherwise privileged.

58. Defendant City of New York, as an employer of the Individual Defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

59. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## FOURTH CAUSE OF ACTION
### (State Law Malicious Prosecution)

60. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

61. Defendants maliciously commenced criminal proceeding against Plaintiff, charging him with felony assault and other charges. Defendants falsely and without probable cause charged Plaintiff with violations of the laws of the State of New York.

62. The commencement and continuation of the criminal proceedings against Plaintiff was malicious and without probable cause.

63. All charges were terminated in Plaintiff's favor.

64. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the Individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: January 10, 2023
   New York, New York

BRUSTEIN LAW, PLLC

_____/s/_____
Evan Brustein
299 Broadway, 17th Floor
New York, NY 10007
(212) 233-3900

*Attorneys for Plaintiff*